KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Racer, | No. CV 10-2615-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Officer Hays, et al., | |
| Defendants. | |

Plaintiff Frank Racer, who is confined in the Arizona State Prison Complex-Alhambra, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney

1  v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.1996).

More than three of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim:

(1) Racer v. Scott, CIV 01-289-PHX-ROS (LOA), April 4, 2001 Order of Dismissal (Doc. 4) and May 29, 2001 Judgment (Doc. 5) dismissing the Complaint for failure to state a claim and dismissing the action for failure to file an amended complaint;

(2) Racer v. MCauley, CIV 03-1119-PHX-DGC (LOA), February 4, 2004 Order of Dismissal (Doc. 6) and March 22, 2004 Judgment (Doc. 8) dismissing the Complaint for failure to state a claim and the action for failure to file an amended complaint;

(3) Racer v. Beaty, CIV 03-1459-PHX-DGC (LOA), February 4, 2004 Order of Dismissal (Doc. 5) and March 22, 2004 Judgment (Doc. 7) dismissing the Complaint for failure to state a claim and dismissing the action for failure to file an amended complaint;

(4) Racer v. Bailey, CIV 03-1460-PHX-DGC (LOA), February 4, 2004 Order of Dismissal (Doc. 4) and March 22, 2004 Judgment (Doc. 6) dismissing the Complaint for failure to state a claim and dismissing the action for failure to file an amended complaint;

(5) Racer v. Earles, CIV 03-1490-PHX-DGC (LOA), March 9, 2004 Order of Dismissal (Doc. 5) and April 23, 2004 Judgment (Doc. 7) dismissing the Complaint for failure to state a claim and dismissing the action for failure to file an amended complaint;

(6) Racer v. Marquez, CIV 03-2597-PHX-DGC (LOA), February 11, 2004 Order of Dismissal (Doc. 3) and March 29, 2004 Judgment (Doc. 5) dismissing the Complaint for failure to state a claim and dismissing the action for failure to file an amended complaint; and

(7) Racer v. Pegg, CIV 08-1220-PHX-DGC (LOA), July 10, 2008 Order of Dismissal (Doc. 4) and October 31, 2008 Judgment (Doc. 6) dismissing the Complaint for failure to state a claim and dismissing he action for failure to file an amended complaint.

Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. Failure to Allege Imminent Danger of Serious Physical Injury

Plaintiff's Complaint raises a claim of denial of access to the courts. Plaintiff has not demonstrated that he is in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee. Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his action.

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(2) The Clerk of Court must enter judgment and close this case.

DATED this 21st day of December, 2010.

_____
David G. Campbell
United States District Judge